THOMAS MITCHELL HILDEBRANDT *v.* STATE OF ARKANSAS

5739                                           482 S.W. 2d 816

Opinion delivered July 24, 1972

*C. David Furrow,* for appellant.

*Ray Thornton,* Atty. Gen., by: *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant Thomas Mitchell Hildebrandt entered a plea of guilty to burglary and received a five year sentence. Some two years later he filed his petition under our Rule 1 alleging illegal procedures which denied him his constitutional rights. His petition was denied. On appeal it is contended that the trial court should be reversed because: (1) appellant was coerced by the prosecuting attorney into pleading guilty, and (2) the prosecution held a conference with appellant absent appellant's attorney, thereby denying him effective assistance of counsel.

Appellant testified that the prosecuting attorney threatened to obtain a twenty-one year sentence if appellant did not plead guilty and take five years. He said the conversation took place in the courtroom and out of the hearing of appellant's appointed counsel. Appellant said he was guilty and that he believed he would have been given the maximum of twenty-one years had he gone to trial. Roy Reynolds, a convict, testified in behalf of appellant. Reynolds said he heard parts of a conversation between appellant and the prosecutor; that the prosecutor asked appellant if he had agreed to take five years and appellant stated he had so agreed. Reynolds said he heard no threat but did hear twenty-one years mentioned in the conversation.

The state called C. B. Nance, Jr., the attorney who represented appellant at the trial, and Gerald Pearson, prosecuting attorney. Nance testified that he interviewed appellant several days prior to trial date and appellant said he was guilty of the charge. Thereafter, so Nance testified, he conferred with the prosecuting attorney's office and negotiated a recommendation of five years. Pearson testified that he did not negotiate with appellant and that he always talked to a defendant (on rare occasion when he did talk to them) in the presence of defense counsel. "If I had any conversation with him it would be merely to reaffirm that he wanted to plead guilty, that our recommendation would be five years in the penitentiary."

There was ample evidence to support the trial court's judgment.

Affirmed.

FOGLEMAN, J., not participating.